Timothy Brown
PO Box 5003
Coalinga, CA 93210

Timothy Brown, #3194
Coalinga State Hospital, Unit 15
24511 W. Jayne Avenue
Coalinga, CA 93210

In Pro Per:

FILED
SEP 26 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# United States District Court
## Eastern District of California

| | |
|---|---|
| Timothy Brown<br>Plaintiff<br><br>Vs.<br><br>County of Butte, Sheriff's Department And County of Butte Sheriff Koryl Honea,<br>Defendants | Case No.: 2:22-cv-1693 CKD (PC)<br><br>Civil Rights Complaint 42 U.S.C. §1983<br>**(Non-Prisoner)**<br><br>Demand For Trial |

## I. Exhaustion:

The enactment of the PLRA in 1996 imposed two filing requirements: Filing fees, 28 U.S.C §1915 and exhaustion of administrative remedies, 42 U.S.C § 1997(e). Both state for "prisoners", that the definition of "prisoner" for the purposes of these provisions of the PLRA is explicit. As used in 28 U.S.C §1915, the term "prisoner"

mean any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. In 42 U.S.C § 1997(e) identical language is used. The Sexually Violent Predation Act ("SVPA") provides not for criminal sanctions (Cal Welf. & Inst. Code §6600), but for the civil commitment of an individual. The Ninth Circuit in Page v Torrey 201 F.3d 1136; holds these two PLRA requirements do not apply to civil commitment or detainees.

## II. Premise

This complaint is in part based on the findings of the Ninth Circuit Court in two cases. Jones v Blanas, 393 F.3d 918 (2004) and King v County of Los Angeles (9th. Cir. 2018) 885 F.3d 548. These cases set the foundation on the conditions of confinement Civil Detainees (SVPA) are to receive in county jails.

## III. Parties

Plaintiff:

1) Plaintiff, Timothy Brown who resides at 24511 W. Jayne Ave., Coalinga California 93210, alleges that his civil rights were violated by the action(s) of the below named and or identified entities or individuals. The actions were directed towards this plaintiff while awaiting proceedings under California's SVPA, being detained in the custody of the Butte County Sheriff's Department, as a civil detainee, from February 2021 to present in conditions that amount to punishment.

Defendant 1:

2) County of Butte, Sheriff's Department in its official capacity, residing at: 25 County Center Cr. Suite 200, Oroville, CA 95965 is and was at all times relevant herein, the municipality responsible for the policies and for the deficient policies, customs and practices within the Sheriff's Department that is or does cause constitutional violations. Defendant is further responsible for the conditions of confinement for civil detainees within the County's Jails and to make sure their confinement is not punitive in nature, but receive conditions of confinement that are more considerate than those under the criminal process and less restrictive. Defendant is also responsible to make sure that statutory laws (Cal. Penal Code §4001 and 4002(a)) and all Federal decisional laws pertaining to those held under the civil process are followed.

Defendant 2:

3) Sheriff Koryl Honea residing at 5 Gillick Way, Oroville, CA 94965 in his individual capacity as the top policy maker for the Sheriff's Department is responsible implement policies and for the deficient policies, customs and practices within the Sheriff's Department that is or does cause constitutional violations. He is further responsible for the conditions of confinement for civil detainees within the County's Jails and to make sure their confinement is not punitive in nature, but receive conditions of confinement that are more considerate than those under the criminal process. Defendant is also responsible to make sure that statutory laws (Cal. Penal Code §4001 and 4002(a)) and all Federal decisional laws pertaining to those held under the civil process are followed. Defendant has a further duty to make sure all Sheriff's Department

employees are trained in how to confine and treat civil detainees according to statutory and decisional law.

## IV. Supporting Facts

4) Plaintiff arrived and was booked into the Butte County jail as a civil detainee under California Welfare and Institutions Code (WIC) §6600 (the Sexually Violent Predator Act (SVP)) in February 2021, while awaiting civil proceedings in court. Plaintiff left the county jail in February 2022 and was transported to Coalinga State Hospital.

5) Following the initial booking process, Plaintiff was then housed in G-Pod. G-Pod is a criminal housing unit for Protective Custody (PC) inmates held under the criminal process, not civil process. Plaintiff remained in G-Pod the whole year he was in the county jail.

6) According to California Penal Codes §§4001 and 4002 (a), an inmate held in the county jail under the criminal process cannot be housed with a civil detainee who is in the county jail under the civil process. California law has no exceptions to this. This is the way the Defendants have continually housed SVPs in the county jail, with criminals violating these laws.

7) California law, Penal Code §4002(b) states that a civil detainee can only be housed with someone else if a waiver is obtained though the court. However, the statute states that the civil detainee can only be house with someone with the same criminal offense and or criminal histories. This means, since a civil detainee can only be housed with another civil and that civil can only have the same criminal offenses or criminal histories. This limits who this Plaintiff can be

housed with and that would be, only another SVPs. Plaintiff was not housed with other SVPs, but with criminals. Nor was there even the waiver obtained pursuant to §4002 (b). Again, Defendants have violated this law.

8) The Defendants housing the Plaintiff in a criminal housing unit (G-Pod) was against the law in turn it put Plaintiff's life in grave danger of physical harm. The legislature drafted sections 4001 and 4002(a) to protect civil SVPs from harm by criminal inmates. The Defendant knows of these laws but has ignored them and housed this Plaintiff in a way that puts his life in grave danger anyway.

9) It must be noted also, the Defendants further housed the Plaintiff in a criminal housing unit (G-Pod) with criminal inmates that do not have the same type of criminal offenses or criminal histories as this Plaintiff, meaning he was housed not only with criminals, but with criminal that do not have a history of sex offenses. Again, knowing or should of know this is against statutory law. Defendants housed this Plaintiff as they always have, putting the Plaintiff's life in danger of harm.

10) This is not the first time the Defendants have failed to properly house a SVP. Defendants have recently settled a law suit with the same claims. Saadoon v County of Butte, Case No. 2:20cv0627. This is a repeated practice the Defendants have in the county jail when it comes to housing SVPs and SVPs conditions of confinement.

11) While the Plaintiff was housed in G-Pod, he was constantly harassed with inquiries on why his is in the county jail. If the criminal inmates actually found out he was in the county jail for SVP proceedings, he would have suffered great

physical harm if not death. So Plaintiff had to come up with a story. This story grew harder and harder to maintain. Plaintiff's fears grew stronger and stronger that his story would fall apart and then he would get jumped and suffer physical harm. Defendants understand that sex offenders have a risk of physical harm from inmates that do not have sex offenses. In addition, an inmate under the SVP law would have a great risk of physical harm. Defendant ignores this danger and house SVPs, like this Plaintiff as one under the criminal process, not the civil process according to the law.

12) Plaintiff also suffered the same condition of confinement as those under the criminal process. No conditions were offered that are more considerate than those under the criminal process receives. Defendants do not have policies that would make conditions of confinement for SVP more considerate. If the Defendants do have such policies, then the practice of the Sheriff's Department just flat out ignores these policies.

13) Plaintiff did not receive extra dayroom, phone or shower time. Nor did he receive any extra visiting or recreation time. Defendant does not have a policy that would give this Plaintiff this type of "more considerate" conditions of confinement. Plaintiff was treated with the same conditions as criminals who are allowed to be subjected to punishment.

14) Defendant does not have any policy that would be specific to accommodate SVPs or if there is such policy it is not and has not been followed for this Plaintiff and other SVPs that have come through the county jail.

## V. Causes of Actions

**Cause One:**

15) Plaintiff re-alleges the allegation contained in paragraphs 4-14 inclusive to this complaint.

16) Defendant 1, County of Butte in its official capacity, the municipality responsible for the policies and/or lack of policies, gives rise to, the injury(s) alleged by the plaintiff. The Defendant by way of official policies or lack of, customs, practices; training and/or the lack thereof are the cause of the punitive nature the Plaintiff received as to his conditions of confinement as to the facts stated in each paragraph herein. Defendant housed and treated the Plaintiff with conditions of confinement that are only allowed for those under the criminal process. This further caused the Plaintiff's life to be in danger of harm from those under the criminal process. Defendant has failed to implement proper policies for SVPs that would meet constitutional standards. Or have such policies but the practices of the Sheriff's Department fails to follow them. Defendant also has failed to follow California law that is protects those under the civil process like SVPs. This is a repeated behavior of the Defendants that has not been cured, but has caused many other SVPs to suffer the same punitive conditions. This is the moving force of Due Process rights under the Fourteenth Amendment of the United States Constitution and giving cause for a Monell claim.

**Cause Two:**

17) Plaintiff re-alleges the allegation contained in paragraphs 4-14 inclusive to this complaint.

18) Defendant 2, Sheriff in his Individual capacity, is responsible for the policies and/or lack of policies, gives rise to, the injury(s) alleged by the plaintiff. The Defendant by way of his official policies or lack of, customs, practices; training and/or the lack thereof are the cause of the punitive nature the Plaintiff received as to his conditions of confinement as to the facts stated in each paragraph herein. Defendant housed and treated the Plaintiff with conditions of confinement that are only allowed for those under the criminal process. This further caused the Plaintiff's life to be in danger of harm from those under the criminal process. Defendant has failed to implement proper policies for SVPs that would meet constitutional standards. Or have such policies but the practices of the Sheriff's Department fails to follow them. Defendant also has failed to follow California law that is protects those under the civil process like SVPs. This is a repeated behavior of the Defendant that has not been cured, but has caused many other SVPs to suffer the same punitive conditions. This is the moving force of Due Process rights under the Fourteenth Amendment of the United States Constitution and giving cause for a Monell claim.

## VI. Request For Relief

I the Plaintiff believe and request I am entitled to the following specific reliefs:
- (1) Award damages as to claim One in the amount of $25,000.
- (2) Award damages as to claim Two in the amount of $25,000.
- (3) Allow amendment as the court deems fit.
- (4) Allow appointment of counsel when the court deems fit.
- (5) Award any other damages the court deems fit or appropriate.

(6) Order any other injunctions the court deems appropriate to protect both state and federal constitutional rights.

Date: 9/21/2022 _____

                Plaintiff in Pro Per

## VII. Demand For Trail By Judge

Plaintiff hereby requests a trial by judges due to the potential inflammatory and prejudicial facts that may arise in trial. So much that it would hard to get an impartial jury.

Date: 9/21/2022 _____

                Plaintiff in Pro Per

## VIII. Verification

I swear under the penalty of perjury under the laws of the United States and the State of California, that the foregoing is true and correct to the best of my knowledge.

Executed on 9/21/2022 _____.

                Plaintiff, In Pro Per