UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUTTE COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-01693-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a civil detainee proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On November 21, 2023, defendants filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 13.  On April 23, 2024, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days.  In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).  The thirty day period has now expired, and plaintiff has not responded to the court's order.

　　　　**I.　　Analysis**

　　　　"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).

In considering these five factors, the court finds that the first two strongly support dismissal of this action. Plaintiff filed the complaint in this case in 2022 and has not filed a single pleading in almost a year after he submitted the service documents in this case. See ECF No. 6. It is not the court's job to prosecute this action on plaintiff's behalf. Any additional time spent addressing this case will consume scarce judicial resources.

Under the circumstances of this case, the third factor of prejudice to defendants, also favors dismissal. Plaintiff's non-responsiveness has caused defendants to incur additional time and expenses in filing pleadings which the court deems to be unnecessary. See ECF Nos. 14, 17 (Defendants' replies indicating plaintiff's lack of opposition to the motion to dismiss). Defendants put in this extra work as a result of plaintiff's lack of response to the court's order requiring him to file an opposition or a statement of non-opposition to the motion to dismiss.

The fifth factor also favors dismissal. The court advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, this one factor does not outweigh the remaining ones which all strongly support dismissal. See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district judge.

IT IS FURTHER RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. Defendants' motion to dismiss (ECF No. 13) be denied as moot.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 3, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/brow1693.mtd.46fr